**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MICHAEL NGANGA KARIUKI,<br>Petitioner,<br>v.<br>MICHAEL NESSINGER, *et al.*,<br>Respondents. | ) | C.A. No. 1:26-cv-00674-MSM-AEM |

**ORDER**

Before the Court are the Respondents' Motion to Transfer this habeas case to the Western District of Louisiana (ECF No. 5) and the Petitioner, Michael Nganga Kariuki's, Emergency Motion to Transfer to Rhode Island (ECF No. 4). The Court concludes that it has jurisdiction over the Petition for Writ of Habeas Corpus (ECF No. 1) and that the Petitioner should be returned to this District while it is adjudicated.

U.S. Immigration and Customs Enforcement ("ICE") detained the Petitioner on September 21, 2026, at a check-in in Warwick, Rhode Island, and held him at the Wyatt Detention Facility. (ECF No. 1 ¶¶ 5, 76.) ICE moved him to Massachusetts at 9:01 p.m. on September 22, and he departed Hanscom Field on an ICE flight at 2:01 p.m. on September 23. (ECF No. 5 at 1, 3; ECF No. 5-1; ECF No. 5-4 at 9.) The Petition was filed at 3:07 p.m. on September 23, while he was in the air. (ECF No. 1.) He arrived the next day at the Winn Correctional Center in Louisiana. (ECF No. 4 at 2.) It is undisputed that the Petitioner's location did not appear on ICE's Online

Detainee Locator System and that his counsel knew only that he had left Wyatt. (ECF No. 1 ¶¶ 13–17.)

Jurisdiction over a habeas petition challenging present physical confinement ordinarily lies only in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). But when "a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules." *Id.* at 450 n.18; *see also Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000). In those circumstances, jurisdiction lies in the petitioner's last-known location, judged by what counsel could have known at filing. *Suri v. Trump*, 184 F.4th 260, 277–78 & n.11 (4th Cir. 2026); *Gavarete Ramirez v. Nessinger*, No. 1:26-cv-00259-MRD-AEM (D.R.I. May 14, 2026).

That exception applies here. When the Petition was filed, the Petitioner was flying on an airplane, his location was not publicly available, and the last location counsel could confirm was Wyatt. The Respondents do not contend that the Petitioner's counsel could have learned where he was, and they have not identified his immediate custodian at that time.

The Court may order the Petitioner's return to facilitate its adjudication of the Petition. *See Ozturk v. Hyde*, 136 F.4th 382, 394–95, 402–03 (2d Cir. 2025); 28 U.S.C. §§ 1651(a), 2243. Accordingly, the Court DENIES the Respondents' Motion to Transfer (ECF No. 5) and GRANTS the Petitioner's Emergency Motion (ECF No. 4). The Respondents are ORDERED to return the Petitioner to ICE custody within the District of Rhode Island no later than October 2, 2026, and to file a notice confirming

his location within one (1) day of his return. Pending further Order of this Court, the Respondents shall not remove the Petitioner from the United States or transfer him to any location other than this District. The Court does not reach the merits of the Petition or review the underlying order of removal, and the Respondents' response remains due September 28, 2026.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

September 25, 2026